United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JESUS RODRIGUEZ HUERTA,

    Plaintiff,

v.

COURT OF APPEAL,

    Defendant.

No. C 05-01984 JSW

**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS; AND DISMISSING COMPLAINT WITH PREJUDICE**

    This Court is in receipt of Plaintiff Jesus Rodriguez Huerta's request to proceed *in forma pauperis* submitted on October 20, 2005. Having considered the papers filed in support of the request, the Court finds the matter appropriate for decision on the papers, and rules as follows. The Court has determined that the application should be DENIED at this time because this action must be dismissed for the reasons stated below.

    Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3).

    California superior courts are courts of general, unlimited jurisdiction and can render enforceable judgments in practically any type of case. However, federal courts have limited

jurisdiction. Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377.

Plaintiff appears to be challenging the California Workers' Compensation Appeals Board ("Board") denial of benefits and the California Court of Appeal's subsequent denial of review of the Board's decision. Federal district courts, as courts of original jurisdiction, do not have subject matter jurisdiction to review errors allegedly committed by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). Instead, the proper court to obtain review of a final state court decision is the United States Supreme Court. *See* 28 U.S.C. § 1257; *Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 476. Accordingly, the Court initially dismissed Plaintiff's complaint, but gave Plaintiff leave to amend.

Plaintiff filed a Second Amended Complaint on October 20, 2005. Again, Plaintiff's Second Amended Complaint is challenging the decision of the Workers' Compensation Appeals Board. Because federal district courts do not have subject matter jurisdiction to review errors allegedly committed by state courts, the Court DISMISSES Plaintiff's complaint with prejudice.

**IT IS SO ORDERED.**

Dated: October 25, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE